IMAGEXPO, L.L.C., Plaintiff,

v.

MICROSOFT CORPORATION, Defendant.

No. CIV.A. 3:02CV751.

United States District Court, E.D. Virginia, Richmond Division.

Sept. 11, 2003.

---

Howard W. Dobbins, Esq., Robert Dean Perrow, Williams Mullen PC, Richmond, VA; and Coke Morgan Stewart, Alan Michael Fisch, Kelly Ambrose Clement, Jason Foster Hoffman, John H. Weber, Baker & Hostetler LLP, Washington, DC, for Plaintiff.

James Crawford Roberts, Alan Durrum Wingfield, Henry Dwight Williams Burt, Troutman Sanders LLP, Richmond, VA; and Michael L. Buckler, Garth A. Winn, Michael Norman Zachary, J. Christopher Carraway, Klarquist Sparkman LLP, Portland, OR, for Defendant.

### MEMORANDUM OPINION

**(Microsoft's Motion for Summary Judgment Based on Patent Invalidity Due to Anticipation Under 35 U.S.C. § 102 and Microsoft's Motion for Partial Summary Judgment Limiting Damages Based on the Doctrine of Laches)**

HUDSON, District Judge.

This matter is before the Court on two motions, among many, filed by Microsoft Corporation ("Microsoft") seeking summary judgment. Based on the Court's review of the extensive memoranda and accompanying exhibits filed by both sides, the Court is of the opinion that Microsoft's Motion for Summary Judgment Based on Patent Invalidity Due to Anticipation Under 35 U.S.C. § 102 and Microsoft's Motion for Partial Summary Judgment Limiting Damages Based on the Doctrine of Laches are appropriate for summary disposition. The Court will dispense with oral argument on these motions because the facts and legal arguments are adequately briefed in the materials before the Court, and argument would not significantly aid in the decisional process.

I. *Microsoft's Motion for Summary Judgment Based on Patent Invalidity Due to Anticipation Under 35 U.S.C. § 102.*

■ Microsoft's motion for summary judgment based on patent invalidity due to anticipation flows from its position that Patent Number 5,206,934 ("the '934 Patent") is not new but was anticipated by the prior work of others. "Anticipation" is best described by the following jury instruction approved in *Shatterproof Glass Corp. v. Libbey–Owens Ford Co.,* 758 F.2d 613 (Fed.Cir.1985):

If one prior art reference completely embodies the same process or product as any claim of the patent in suit, the process or product recited by that claim is said to be 'anticipated' by the prior art and the claim is therefore invalid under § 102 for want of novelty.

*Id.* at 619.

■ In order for there to be invalidity for anticipation, all of the elements and limitations of each claim must by found within a single, prior art reference. *Scripps Clinic & Res. Found. v. Genentech, Inc.,* 927 F.2d 1565, 1576 (Fed.Cir. 1991). Moreover, a finding of anticipation will result in the invalidation of the patent. *Applied Med. Resources Corp. v. U.S. Surgical Corp.,* 147 F.3d 1374, 1378 (Fed.Cir. 1998). The determination of whether or not there is an identity of invention under 35 U.S.C. § 102 ordinarily presents a question of fact for the jury. *Shatterproof Glass,* 758 F.2d at 619. *See also Apple Computer, Inc. v. Articulate Sys., Inc.,* 234 F.3d 14, 20 (Fed.Cir.2000). In reviewing challenges for invalidity, it is also important to keep in mind that the burden of proving invalidity on summary judgment is high. *See, e.g., Schumer v. Lab. Computer Sys., Inc.,* 308 F.3d 1304, 1315 (Fed.Cir. 2002). The Court's analysis begins with the presumption that the patent is valid.

35 U.S.C. § 282. On summary judgment, the Court must then make all justifiable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In support of its contention that the '934 Patent is invalid due to anticipation, Microsoft offers four alleged references which either are in a printed publication or were in public use more than one year prior to the date of application. Microsoft alleges that none of these four references was disclosed to the Patent Examiner. It is Microsoft's position that if the Patent Examiner had known about these references, he would not have allowed the '934 Patent.

The prior art references offered by Microsoft in support of its anticipation argument are the *Sarin* thesis ("Interactive Online Conferences" 1984); the *MCS* paper ("Architecture for a Multi–Media Teleconferencing System" 1986); the *Foster* thesis ("Collaborative Systems and Multi-User Interfaces" 1986); and *JamPaint* ("Pascal Procedures: Build a Network Painting Program" 1989). Microsoft proffers, through expert testimony, that each of these references teaches the same elements and functions embodied in the patent in suit.

Imagexpo, LLC ("Imagexpo") counters that, with respect to the issue of anticipation, there are material issues in dispute which preclude summary judgment. Although Imagexpo points to specific issues in dispute as to each prior art reference, it also identifies two overarching issues in controversy. First, was the prior art reference sufficiently accessible before the critical date (one year prior to patent issuance)? Second, do the references contain every element of the claim? On each of these issues, Imagexpo offers expert testimony which contravenes that of Microsoft.

Concerning the *Sarin* reference, Imagexpo's expert takes issue with Microsoft's contention that *Sarin's* thesis teaches the '934 Patent's noncentralized architecture, its send-to-self feature, its mediation protocol, its decoding of encoded commands, and its sending from a local user terminal to a remote user terminal. Furthermore, Imagexpo contends, there is a material issue of fact as to whether the Patent Examiner gleaned the vital elements of the *Sarin* thesis from a more abbreviated *Sarin* article the inventor presented during the patent prosecution.

Imagexpo also maintains that the *MCS* article and the *Foster* thesis do not describe the send-to-self feature or the application module code feature. The *MCS* article, which centers around only a theoretical system, in Imagexpo's view, also does not teach the mediation feature. The *Foster* thesis employs different user action methods and a different method of broadcasting messages to local user terminals. Similarly, the *JamPaint* article does not describe user action outputs.

■■■ Although anticipation is a question of fact, it still may be decided on summary judgment if the record reveals no genuine dispute of material facts. *See Gen. Elec. Co. v. Nintendo Co.*, 179 F.3d 1350, 1353 (Fed.Cir.1999). Summary judgment in favor of the party with the burden of persuasion, however, is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact. *Anderson*, 477 U.S. at 255–56, 106 S.Ct. 2505. Stated another way, summary judgment is inappropriate if a trier of fact applying the clear and convincing standard could find for either party.

■■■ In the final analysis, to award summary judgment in the immediate case the Court must weigh the credibility and assess the opinions of the competing experts. This is a function of the trier of fact. Summary judgment is rarely appropriate in the face of divergent expert opin-

ions. Consequently, with respect to Microsoft's motion for summary judgment based on patent invalidity due to anticipation, the Court is of the view that there are material issues genuinely in dispute. The motion will therefore be denied.

II. *Microsoft's Motion for Partial Summary Judgment Limiting Damages Based on the Doctrine of Laches.*

 Microsoft contends that the doctrine of laches precludes Imagexpo from recovering any damages for the time period preceding the filing of this litigation. Laches is an equitable principle that prevents a patentee from profiting by its dilatory conduct to the prejudice of the accused infringer. To successfully assert a laches defense, a defendant must demonstrate that (1) the plaintiff delayed for an unreasonable and inexcusable time in filing suit, and (2) the delay resulted in material prejudice to the defendant. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed.Cir.1992). A presumption of laches arises if a patentee delays bringing suit for more than six years after the date the patentee knew or should have known of the alleged infringer's activity. Such a delay raises a presumption that it is unreasonable, inexcusable, and prejudicial. *See Wanlass v. Gen. Elec. Co.*, 148 F.3d 1334, 1337 (Fed.Cir. 1998). Whenever the presumption arises, including in the summary judgment context, the patentee's evidence must be sufficient to raise a genuine issue of material fact about either the excuse for or reasonableness of the delay, or the existence of the prejudice. *Id.* The period of delay begins at the time the patentee gains actual or constructive knowledge of the defendant's potentially infringing activities or when, in the exercise of reasonable diligence, he should have known of the defendant's allegedly infringing activities. *Eastman Kodak Co. v. Goodyear Tire &*

*Rubber Co.*, 114 F.3d 1547, 1559 (Fed.Cir. 1997); *Aukerman*, 960 F.2d at 1032.

 It is beyond dispute that Imagexpo filed the immediate infringement action more than six years after Microsoft's accused software packages became available to the public. Therefore, even in the context of summary judgment, the burden shifts to Imagexpo to raise questions of material fact that would excuse the delay or to produce evidence that raises a material question of fact about the possibility of economic or evidentiary hardship suffered by Microsoft.

Imagexpo argues that Microsoft's laches defense necessarily turns on a number of factual determinations which preclude summary disposition. According to Imagexpo, the following issues are in dispute: (1) the length of the delay period, (2) the existence and materiality of Microsoft's claimed prejudice, and (3) the egregious nature of Microsoft's infringing conduct. Imagexpo further contends that the delay in filing suit is actually three months. Group Logic, Inc. ("Group Logic"), Imagexpo's predecessor in patent ownership, could not discern infringement until it gained access to Microsoft's MSN 8 and Netmeeting source code, something that occurred only three months prior to filing their infringement action. Imagexpo admits that Group Logic was aware of Microsoft's products but argues that infringement was not evident from use. Infringement could only be determined after conducting an internal investigation of MSN 8 and Netmeeting source code. Consequently, Imagexpo argues, Microsoft cannot rely on constructive knowledge of infringement to support its affirmative defense.

Imagexpo also maintains that there are material issues of fact concerning the evidentiary and economic prejudice purportedly suffered by Microsoft from May 1996

until October 1992. Imagexpo cites several significant examples in its memorandum in opposition.

If believed by the trier of fact, the evidence produced by Imagexpo would demonstrate that the patentee's delay was reasonable and that the defendant suffered neither economic nor evidentiary prejudice. Therefore, with respect to the application of the doctrine of laches, the Court believes that there is a material issue of fact which precludes an award of summary of judgment. Microsoft's Motion for Partial Summary Judgment Limiting Damages Based on the Doctrine of Laches is, therefore, denied.

An appropriate Order will accompanying this memorandum opinion.